Where A. occupies one half and B. the other half of a dwellinghouse, a notification left at B.'s part of the house, for A. to appear at a militia muster, is not a legal warning.

PETITION for a *certiorari* to a justice of peace, by whom    *Oct. 24th.* the petitioner had been fined for neglecting to appear at a militia muster. At the trial before the justice it appeared, that the petitioner lived in one half of a dwellinghouse, the other half being occupied by another person, who was a witness ; that the notification to the petitioner was handed to the witness when standing at the door of his own part of the house, with a request that he would deliver it to the petitioner, but whether the witness had ever delivered it or not, he could not recollect.

The *Court* said, that leaving a notice at another man's house was not a sufficient warning to the petitioner,[1] and a writ of *certiorari* was granted ; and at a subsequent term the proceedings were quashed.

*Eddy*, for the petitioner.

*W. Baylies*, for the respondent.

---

## JABEZ FIELD, Petitioner, &c.

The captain of a company in the militia has authority to accept the resignation of the clerk of the company.

An order to a warning officer to warn a meeting of the company, signed " by order of said commanding officer, A. B. clerk," instead of being signed by the commanding officer himself. is in due form.

Upon a complaint against a soldier for neglecting to appear with his company " at F. S.'s store," it appeared, that the captain ordered that the company should be warned to appear at that store, but that the soldier was warned to appear " at the usual place of parade of the company;" and further, that the store was the usual place, and known by the soldier to be so, he having performed militia duty there before. *Held*, that the evidence sustained the complaint.

THIS was a petition for a writ of *certiorari* to a justice of    *Oct. 24th* the peace, by whom Field had been fined for neglecting to ap-

---

[1] See Revised Stat. *c.* 12, § 89.

Field,
Petitioner,
&c.

pear at a meeting of a militia company on the first Tuesday of May, 1829.

It was alleged for error, that neither at the time of the supposed delinquency, nor at the time of making the complaint to the justice, was Matthew Kingman, the complainant, the clerk of the company. One Packard testified, that in May 1828, he, Packard, was the clerk of the company ; and that in the autumn of that year he resigned his office and surrendered his sergeant's warrant to the captain, who accepted the same, and that he then went into the ranks. Kingman was appointed clerk in April 1829. The objection was, that Packard could not make his resignation to the captain and go into the ranks, and consequently he continued still to be the clerk. But, *per Curiam*, the captain had a right to appoint the clerk, and of course a right to accept his resignation.[1]

Another alleged error was, that the order to the warning officer to warn the company was signed, " By order of said commanding officer, Matthew Kingman, Clerk ; " instead of being signed by the captain himself. But, *per Curiam*, the form pursued was correct.[2]

The order was, that the company should be warned to appear " at Col. Edward Southworth's store in North Bridgewater," and the complaint against the petitioner was for neglecting to appear at that place ; but he was warned to appear " at the usual place of parade of said company in North Bridgewater." It was objected that he was not warned to appear at the place mentioned in the complaint. Evidence was produced before the justice, that Southworth's store was, and for years had been, the usual place of parade of the company, and that the petitioner had been enrolled in the company in 1828, and had performed military duty therein. *Per Curiam.* This was sufficient to sustain the complaint, so far as regards this objection.

A writ of *certiorari*, therefore, was not granted.

*Eddy*, for the petitioner.

*W. Baylies*, for the respondent.

---

[1] See Revised Stat. *c.* 12, § 74.          [2] See Revised Stat. *c.* 12, § 88.